IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**GODREQUE NEWSOM and**
**DARYLL TRIPLETT,**

    **Plaintiffs,**

v.

**CITY OF JONESBORO, GEORGIA**
**and DONYA L. SARTOR, in her**
**individual capacity,**

    **Defendants.**
_____/

Case No.

**JURY TRIAL**
**DEMANDED**

## COMPLAINT

Plaintiffs Godreque Newsom and Daryll Triplett bring this Complaint seeking damages and equitable relief against the City of Jonesboro, Georgia and Donya L. Sartor, for the retaliatory treatment to which they were subjected by Defendants—including unpaid suspensions and termination—because they refused to donate to Sartor's contested political campaign for mayor and because they participated in and cooperated investigations into Sartor's campaign finance violations and other violations of laws, rules, and regulations in violation of the First Amendment and the Georgia Whistleblower Act, and in support state the following:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over Plaintiffs' federal claims

pursuant to 28 U.S.C. § 1331; jurisdiction over the state claims arises under 28 U.S.C. § 1367.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 as the unlawful employment practices alleged in this Complaint were committed in this district and division.

## PARTIES

3. Plaintiff Godreque Newsom is a citizen of Fulton County, Georgia and submits himself to the jurisdiction of this Court.

4. Newsom was employed by the City of Jonesboro Police Department from February 1, 2021 through his termination on December 11, 2023.

5. At all times relevant, Newsom was a "public employee" as defined by the Georgia Whistleblower Act, O.C.G.A. § 45-1-4(a)(3).

6. Plaintiff Daryll Triplett is a citizen of Forsyth County, Georgia and submits himself to the jurisdiction of this Court.

7. Triplett was employed by the City of Jonesboro Police Department from June 2020 through his termination on December 4, 2023.

8. At all times relevant, Triplett was a "public employee" as defined by the Georgia Whistleblower Act, O.C.G.A. § 45-1-4(a)(3).

9. Defendant City of Jonesboro, Georgia is a municipality located in Clayton County, Georgia.

10. Defendant City of Jonesboro, Georgia is a "public employer" as defined by O.C.G.A. § 45-1-4(a)(4).

11. The City of Jonesboro is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby and was the public employer of Plaintiffs at all times material hereto.

12. The City of Jonesboro may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedures by service on Donya L. Sartor, Mayor City of Jonesboro, 1859 City Center Way, Jonesboro, Georgia 30236 and is subject to the jurisdiction and venue of this Court.

13. Defendant Donya L. Sartor is a citizen of Clayton County, Georgia and is subject to the jurisdiction of this Court.

14. Defendant Donya L. Sartor may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedures by service at 1859 City Center Way, Jonesboro, Georgia 30236.

## **CONDITIONS PRECEDENT**

15. All conditions precedent to this lawsuit, if any, have been satisfied or waived.

## FACTUAL ALLEGATIONS

### Plaintiff Newsom

16. Plaintiff Newsom began employment with the Jonesboro Police Department as a Lieutenant on February 1, 2021.

17. At the time of his termination, Newsom was a Lieutenant with the Jonesboro Police Department, and as the Field Operations Commander, he was the second highest ranking official with the Jonesboro Police Department.

18. Plaintiff Newsom has been a certified law enforcement officer in the State of Georgia since 1990.

19. Before joining the Jonesboro Police Department, Plaintiff Newsom was previously employed as a Lieutenant with the Waynesboro Police Department, a Lieutenant with the Clayton County Sheriff's Office, and before that, as an officer for the City of Atlanta Police Department.

### Plaintiff Triplett

20. Plaintiff Triplett began employment with the Jonesboro Police Department as a police officer in June 2020; he held the rank of Sergeant at the time of his termination.

21. Plaintiff Triplett has been a certified law enforcement officer in the State of Georgia since 2000; he was certified in Ohio in 1998.

22. Before joining the Jonesboro Police Department, Plaintiff Triplett was

previously employed as a Major and as Deputy Sheriff with the Clayton County Sheriff's Office and as a Senior Deputy Sheriff with the Fulton County Sheriff's Office.

## Further Allegations

23. In March 2023, Sartor solicited a campaign contribution from Triplett, which he agreed to make.

24. In March 2023, Sartor was elected Mayor of the City of Jonesboro for the first time to fill the last nine months of former Mayor Day's term.

25. After being elected Mayor, Sartor violated laws, rules, and regulations by, among other things, using City vehicles for her own personal use including traveling to concerts and parties.

26. Sartor also violated laws, rules, and regulations by requiring City police escorts to personal functions and requiring City police officers to provide her private security while she worked out and when she went to private functions – all costing the taxpayers money to pay overtime to its police officers for her personal use.

27. Sartor then ran *opposed* for reelection for the election in November 2023.

28. Throughout her second campaign, Sartor solicited campaign donations from City of Jonesboro employees, including, but not limited to Newsom and Triplett in August 2023.

29. Sartor also offered jobs with the City of Jonesboro in return for campaign contributions, including to former Reserve Deputy Solomon Carter.

30. Sartor also encouraged City employees to wear campaign clothing and paraphernalia in violation of laws, rules, and regulations.

31. Both Newsom and Triplett refused to make campaign contributions to Sartor, as did Carter, angering Sartor and painting targets on their backs.

32. Sartor also twice interfered with police officers in the exercise of their official duties, obstructing the officers' performance of their jobs, and endangering the officers and the public.

33. On August 29, 2023, Mayor Sartor summoned Newsom to her office.

34. While in Sartor's office, Sartor brandished a weapon at Newsom in violation of City ordinances and other laws, rules, and regulations.

35. Newsom reported Sartor's violation of laws, rules, and regulations to City of Jonesboro Chief of Police Henderson and provided Henderson with a copy of the workplace violence policy.

36. On August 31, 2023, Newsom sent an official complaint about Sartor and her conduct/retaliation to Henderson, City Manager David Allen, and the Jonesboro City Councilmembers.

37. On September 11, 2023, by City Ordinance No. 2023-012, the Jonesboro City Council appointed Tracy Graham Lawson to conduct an independent

investigation into allegations of wrongdoing by Mayor Sartor.

38. Simultaneously, the Georgia Bureau of Investigations also investigated allegations against Sartor.

39. Sartor spoke with the press about the allegations against her and on September 14, 2023 admitted to having a handgun at the City Center.

40. Newsom and Triplett cooperated and gave testimony against Sartor in the independent investigation.

41. Newsom also cooperated and gave testimony against Sartor to the GBI during that agency's investigation.

42. On October 10, 2023, Chief Henderson, acting at the direction of Sartor, restricted Newsom's access to the Police Department thereby interfering with Newsom's ability to perform his job duties.

43. On October 11, 2023, Ms. Graham Lawson released her findings that Sartor had violated laws, rules, and regulations to City Council in the form of a written report.

44. In her written report, Ms. Graham Lawson identified the witnesses interviewed in the course of her investigation and provided summaries of the information provided by the witnesses, including Newsom and Triplett.

45. On October 13, 2023, Chief Henderson, at Sartor's direction, escorted Newsom from the building and completely restricted Newsom's access to police

headquarters.

46. On October 24, 2023, Sartor ordered Chief Henderson to suspend Newsom for five days.

47. On October 26, 2023, Newsom complained that he was being retaliated against by Sartor to City Council and Henderson.

48. On November 10, 2023, Triplett was summoned to Sartor's office.

49. When Triplett arrived in Sartor's office, Sartor told Triplett she wanted to talk to him about Lawson's report, which she had on her desk with a highlighter.

50. Sartor accused Triplett of misstating facts in the report, but Triplett showed her proof that his testimony was accurate.

51. Sartor then suspended Triplett without pay for two days.

52. Following his unpaid suspension, Sartor insisted that Triplett remain on administrative leave.

53. Triplett then spoke with the news media regarding the acts of retaliation he was suffering at the hands of Sartor because of his participation in the investigations against her.

54. On November 27, 2023, the Clayton County District Attorney issued a notice that it reviewed GBI's investigative report and stated it would not present any criminal matter regarding Sartor to a grand jury—while also noting that any "employment practices for the City of Jonesboro fall outside the jurisdiction [of that

office] and by nature are a civil matter."

55. On December 4, 2023, Sartor ordered that Triplett be terminated and Triplett was terminated.

56. On December 11, 2023, Sartor ordered that Newson be terminated and he was terminated.

57. Sartor also terminated Carter and Chief Henderson.

58. Plaintiffs have suffered lost wages and emotional distress due to the retaliatory treatment in the workplace.

59. Plaintiffs have had to retain counsel to vindicate their rights in this matter and owes reasonable attorneys' fees.

## COUNT I: RETALIATION
### FIRST AMENDMENT
### 42 U.S.C. § 1983
### (Defendant Sartor in her individual capacity)

60. Plaintiffs re-allege the allegations contained in paragraphs 1-59.

61. Defendant Sartor retaliated against Newsom and Triplett in violation of their right to political association as guaranteed by the First Amendment to the Constitution of the United States when Sartor suspended and then terminated them for failing to provide campaign contributions to her mayoral campaign.

62. Defendant Sartor further retaliated against Newsom and Triplett in violation of their right to freedom of speech as guaranteed by the First Amendment to the Constitution of the United States when Sartor suspended and then terminated them

9

for speaking on issues of public concern as private citizens: by providing testimony to an investigator hired by the Jonesboro City Council to investigate Sartor's illegal conduct; in the case of Newsom, for providing testimony to the Georgia Bureau of Investigation (GBI) and alerting City Council members regarding Sartor's illegal acts; and in the case of Triplett, speaking to the media regarding Sartor's illegal acts.

63.     Plaintiffs' suspensions and terminations are causally connected to their protected conduct.

64.     Plaintiffs' speech on issues of public concern were outside of their job responsibilities as law enforcement officers.

65.     At all times relevant to this count, Defendant Sartor was acting under color of state law and within the scope of her discretionary functions as the Mayor of Jonesboro, Georgia.

66.     Acting under color and authority of state law, Defendant Sartor violated Plaintiffs' First Amendment rights by retaliating against them and ordering their suspensions and terminations.

67.     Pre-existing law gave Sartor fair warning that her actions violated Plaintiffs' Constitutional rights.

68.     As a direct and proximate result of Defendant Sartor's unlawful acts, Plaintiffs suffered injuries for which they are entitled to recover equitable relief and compensatory damages, including economic losses and emotional distress,

attorney's fees, and costs of litigation.

69. Defendant Sartor acted intentionally, willfully, maliciously and oppressively, thereby entitling Plaintiffs to an award of punitive damages to be determined by the enlightened conscience of the jury.

### COUNT II: RETALIATION
### FIRST AMENDMENT
### 42 U.S.C. § 1983
### (Defendant City of Jonesboro)

70. Plaintiffs re-allege the allegations contained in paragraphs 1-59.

71. Pursuant to Defendant City of Jonesboro's Ordinance regarding Personnel Policies and Procedures, adopted November 14, 2022 and effective January 1, 2023, the Mayor of the City of Jonesboro has the "responsibility for the administration and interpretation of the personnel rules and regulations" and the Mayor "shall have responsibility for the day-to-day operations of the Personnel Management of the City."

72. Accordingly, the Mayor of the City of Jonesboro serves as the final policymaker authority for all employment decisions regarding Defendant City's employees on a daily basis.

73. As detailed herein, Defendant Sartor, as Mayor, retaliated against Plaintiffs Newsom and Triplett for engaging in their rights of political association and free speech of public concern as private citizens under the First Amendment to the Constitution of the United States by suspending and terminating their employment—

11

or ordering the same—because of their protected acts.

74. Plaintiffs' suspensions and terminations are causally connected to their protected conduct.

75. Plaintiffs' speech on issues of public concern were outside of their job responsibilities as law enforcement officers.

76. Sartor's acts, as Mayor, against the Plaintiffs constitute an unofficial custom and policy of the Defendant City.

77. Sartor's acts, as Mayor, against the Plaintiffs were not isolated—she took the same retaliatory acts against others, including but not limited to Reserve Deputy Solomon Carter and Chief Henderson, showing a persistent and widespread practice of violating employees' First Amendment rights.

78. Alternatively, Defendant City of Jonesboro ratified Sartor's unlawful acts.

79. As a direct and proximate result of Defendant City of Jonesboro's unlawful acts, Plaintiffs suffered injuries for which they are entitled to recover equitable relief and compensatory damages, including economic losses and emotional distress, attorney's fees, and costs of litigation.

## COUNT III: RETALIATION
### GEORGIA WHISTLEBLOWER ACT
### O.C.G.A. § 45-1-4
### (Defendant City of Jonesboro)

80. Plaintiffs re-allege the allegations contained in paragraphs 1-59.

81. At all times relevant to this action, Newsom was a public employee as that term is defined by O.C.G.A. § 45-1-4(a)(3).

82. At all times relevant to this action, Triplett was a public employee as that term is defined by O.C.G.A. § 45-1-4(a)(3).

83. At all times relevant to this action, Defendant City of Jonesboro was Newsom's and Triplett's employer and was a "public employer" as defined by O.C.G.A. § 45-1-4(a)(4).

84. Plaintiffs exposed and disclosed violations of laws, rules, and regulations by Sartor constituting fraud, waste, and abuse by the Defendant City of Jonesboro.

85. In retaliation for their disclosures, Defendant City of Jonesboro suspended and then fired both Plaintiffs.

86. The adverse actions are causally connected to their protected conduct.

87. Instead of insuring that the City of Jonesboro complied with the Georgia Whistleblower Act, Defendant actively sought to violate the Act.

88. Defendant City of Jonesboro's actions were willful, wanton, and intentionally directed to harm Newsom and Triplett.

89. As a direct and proximate result of Defendant City of Jonesboro's unlawful employment practices, Plaintiffs suffered injuries for which they are entitled to recover equitable relief and compensatory damages, including economic

losses and emotional distress, attorney's fees, and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

a. Assume jurisdiction over this action;

b. Award judgment against Defendants and for the Plaintiffs;

c. Award Plaintiffs economic damages;

d. Award Plaintiffs compensatory damages for pain and suffering, mental and emotional distress, anxiety, humiliation, and any other injury in an amount to be determined by the enlightened conscience of the jury;

e. Award Plaintiffs punitive damages against Defendant Sartor in an amount to be determined by the enlightened conscience of the jury to deter Defendant and others from similar misconduct in the future;

f. Award injunctive relief, reinstating Plaintiffs, and such other and further equitable relief as is just;

g. Award Plaintiffs reasonable attorney's fees, expenses, and costs of litigation;

h. Award Plaintiffs pre and post-judgment interest;

i. Award Plaintiffs such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted this 12th day of March 2024,

**Cheryl B. Legare**
Cheryl B. Legare
Georgia Bar No. 038553
LEGARE, ATTWOOD & WOLFE, LLC
125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone:  470-823-4000
Facsimile:  470-201-1212
cblegare@law-llc.com

Lisa C. Lambert
Georgia Bar No. 142135
Law Office of Lisa C. Lambert
245 N. Highland Avenue
Suite 230-139
Atlanta, Georgia 30307
404-556-8759
lisa@civil-rights.attorney

*Attorneys for Plaintiffs*